### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**JESSIE WIMSY JONES,**
**D.O.C. # B-M24331,**

    **Plaintiff,**

vs.	Case No.  4:24cv61-AW-MAF

**K. HOLDEN, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

An Order was entered on March 5, 2024, directing the pro se Plaintiff to file a second amended complaint and submit an amended in forma pauperis motion.  ECF No. 7.  Plaintiff's initial in forma pauperis motion was insufficient because it was not supported by a copy of his inmate bank account statement.  ECF No. 6.  Additionally, Plaintiff's first amended complaint, ECF No. 5, was insufficient to state a claim.  Thus, Plaintiff was given until **April 4, 2024**, to file both documents.  ECF No. 7.  He was warned that a recommendation would be made to dismiss this case if he did not comply with that Order.  Further, if Plaintiff no longer wanted to proceed with this litigation, he was directed to file a "notice of voluntary

dismissal" pursuant to Federal Rule of Civil Procedure 41(a) by the same deadline. ECF No. 7. As of this date, Plaintiff has not complied with that Order. Accordingly, it appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011). Here Plaintiff was forewarned and did not respond to

a Court Order. Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on April 12, 2024.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:24cv61-AW-MAF